IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TRUSTEES OF THE LOCAL 441**
**PLUMBERS AND PIPEFITTERS**
**RETIREMENT PLAN,**

      Plaintiffs,

  v.                              Civil Action No.  14-2652

**McELROY'S, INC.**
**Serve: Jerry McElroy, Registered Agent**
       **3209 S. Topeka Blvd.**
       **Topeka, KS 66611,**

      Defendant.

## COMPLAINT

Plaintiffs, for their claims against Defendant, state:

1.    Plaintiffs bring this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. Jurisdiction and venue are conferred upon the Court by Section 502(a), (e), and (f) of ERISA, 29 U.S.C. § 1132(a), (e), and (f); and § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

2.    Plaintiffs are the Trustees of the Local 441 Plumbers and Pipefitters Retirement Plan (hereinafter referred to as the "Fund").  The Fund is administered in and contributions are delivered in Wichita, Sedgwick County, Kansas.

3.    Defendant McElroy's, Inc. (hereinafter referred to as "Defendant"), is a Kansas corporation with its principal place of business at 3209 South Topeka Blvd., Topeka, KS 66611, and may be served by serving its registered agent, Jerry McElroy.

4. A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury via Certified Mail, as required by ERISA § 502(h), 29 U.S.C. § 1132(h).

5. Defendant and Pipefitters Local Union No. 441 entered into several Collective Bargaining Agreements ("CBAs").

6. The CBAs make the Fund third-party beneficiaries of the Collective Bargaining Agreement. The CBAs require Defendant to make contributions to the Fund pursuant to its terms and the terms of any Agreements and Declarations of Trust establishing that Fund. The rates and charges for the Local 441 Plumbers & Pipefitters Retirement Plan were $2.30/hour for June 1, 2008, through May 31, 2009; $2.60/hour for June 1, 2009, through May 31, 2010; $2.80/hour for June 1, 2010, through May 31, 2011; $3.00/hour for June 1, 2011, through May 31, 2012; $3.20/hour for June 1, 2012, through May 31, 2013; $3.40/hour for June 1, 2013, through May 31, 2014; and $3.60/hour for June 1, 2014, to the present. For purposes of this Complaint, the work for which Defendant was required to pay the above-described contributions to the Fund shall be called "bargaining unit work."

7. To obtain compliance with the CBAs, Plaintiffs are obligated and authorized by the terms of the Agreements and Declarations of Trust, ERISA § 515, 29 U.S.C. § 1145, and ERISA § 502, 29 U.S.C. § 1132, to initiate legal action.

8. Defendant has in the past, and may in the future, perform work within the jurisdiction of Plumbing and Pipefitting Local No. 441 through its employees and other persons covered by the terms of the CBAs, causing additional amounts to become due each month.

9. ERISA § 502(g), 29 U.S.C. § 1132(g), provides that, where a judgment in favor of the Fund is awarded, the Court shall award Plaintiffs the unpaid contributions; interest at the rate

prescribed by the Internal Revenue Code § 6621; reasonable attorneys' fees and costs; and an amount equal to the greater of interest on the unpaid contributions, or liquidated damages in an amount not in excess of 20 percent (20%) of the amount of the unpaid contributions.

10. Article XI, Section C of the CBAs provides that, in the event Defendant fails to pay the contributions due and owing under the terms of the CBAs, Defendant shall pay "all costs and expenses for collecting the payments due, together with the cost of any payroll audit that determines the payments due, attorneys' fees, interest on the unpaid contributions of 12% per annum, and such liquidated damages as may be assessed by the Trustees."

11. Article XI, Section C of the CBAs further provides that, "[i]f an Employer fails to make contributions to the Retirement Plans, or the Health & Welfare Fund within 15 days of the end of the month during which the work was performed, the Union and/or the Trustees shall have the right to take whatever steps are necessary to secure compliance, any provision of the Collective Bargaining Agreement to the contrary notwithstanding, and the Employer shall be liable for all costs and expenses for collecting the payments due, together with the cost of any payroll audit that determines the payments due, attorneys' fees, interest on the unpaid contributions of 12% per annum, and such liquidated damages as may be assessed by the Trustees."

12. Defendant was notified that it must provide certain information for inspection, pursuant to an established auditing program.

13. On June 19, 2014, Richard L. Morrow, a Certified Public Accountant to perform such audits, released the results of an audit of Defendant. The audit covered the time period January 1, 2012, to March 31, 2014.

14. On August 29, 2014, the Fund notified McElroy's in a letter that it had failed to pay required contributions for its covered employees and included a request by Mr. Morrow for additional information, including job hours reports for all jobs worked in Zone 1A from March 1, 2003, through December 31, 2011, and for all jobs worked in Zone 1B from February 1, 2008, through December 1, 2011.

15. On September 29, 2014, Defendant provided the Fund an Excel spreadsheet containing hours worked in Zones 1A and 1B from September 1, 2008, through December 31, 2011.

16. Based upon this new information, Mr. Morrow calculated additional required contributions that Defendant failed to pay for its covered employees to the Fund.

17. Due to Defendant's failure and refusal to pay contributions into the Fund in a timely manner for bargaining unit work performed by Local 441 members from September 1, 2008, to September 30, 2014, Defendant has materially breached its obligations under the CBA, thereby damaging Plaintiffs.

18. The total amount owed for contributions from September 1, 2008, to September 30, 2104, is at least $83,205.45.

19. Plaintiffs are entitled to audit fees, attorneys' fees, interest at 12%, and liquidated damages equal to 20% of the unpaid amounts.

20. Plaintiffs are obligated and authorized by Article XI, Section C of the Agreements, ERISA, and the common law of trusts to initiate legal action seeking injunctive and equitable relief to enforce the terms of the Trust Agreements.

21. In addition to at least $83,205.45 in unpaid amounts uncovered by the audits, the Fund seeks contributions owed by Defendant to the Local 441 Plumbers and Pipefitters Retirement Plan for work performed in Zone 1A (Wichita) starting on March 1, 2003.

22. The wage addendum to the CBAs requires contributions to the Local 441 Plumbers and Pipefitters Retirement Plan if work is performed in Zone 1A (Wichita).

23. Defendant performed work in the Wichita Zone after March 1, 2003, yet failed to make any contributions to the Local 441 Plumbers and Pipefitters Retirement Plan for work done in Zone 1A (Wichita).

24. Defendant misrepresented the location of the work of its covered employees by classifying employees as working in Zone 2A and paying contributions for that zone, when the covered employees were instead performing work in Zone 1A.

25. Defendant concealed from the Fund the fact that its covered employees were working in Zone 1A and failed to make any contributions to the Local 441 Plumbers and Pipefitters Retirement Plan for work done in that zone after March 1, 2003.

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant for delinquent and unpaid contributions from September 1, 2008, to September 30, 2014, in the amount of at least $83,205.45, as set forth herein, and amounts delinquent and unpaid contributions owed by Defendant to the Local 441 Plumbers and Pipefitters Retirement Plan for work performed in Zone 1A starting on March 1, 2003, to present, and any additional amounts which become due each and every month until the date judgment is entered herein, together with: interest accrued thereon from and after the date or dates of the breach of the CBAs at the rate of twelve percent (12%); and liquidated damages equal to twenty percent (20%) on the unpaid and untimely contributions.

FURTHER, Plaintiffs pray that the Court order Defendant to comply with the findings of the audit, including payment of the unpaid and delinquent contributions that have been retained by Defendant and associated interest or liquidated damages as provided by the Trust Agreements; award Plaintiffs their audit fees and attorneys' fees and costs, as authorized by the Trust Agreements and ERISA; and any other legal or equitable relief which the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas, as the place of trial, and request that the Court direct trial at such place.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Douglas M. Weems
Douglas M. Weems             KS #14771
Lucinda H. Luetkemeyer       KS #25326
1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106-2140
Telephone: (816) 474-8100
Facsimile:  (816) 474-3216

ATTORNEYS FOR PLAINTIFFS